[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12529

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-01432-CV-ORL-22KRS

PERVIS L. JACKSON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 2, 2010)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

MARTIN, Circuit Judge:

This case requires us to address the interaction of two fee-recovery statutes,

28 U.S.C. § 2412(d) and 42 U.S.C. § 406(b).  The question presented is whether an

attorney who requests attorney's fees under 42 U.S.C. § 406(b) is required to refund an earlier payment made under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), or whether the attorney may instead offset the EAJA award by deducting it from his 42 U.S.C. § 406(b) fee request. We conclude that the attorney may offset the earlier award by making a corresponding reduction to his 42 U.S.C. § 406(b) fee request. We therefore reverse the district court.

## I. BACKGROUND

After being denied disability benefits under the Social Security Act, Pervis L. Jackson ("Mr. Jackson") filed a civil action against the Commissioner of Social Security ("the Commissioner"). Mr. Jackson retained Richard Culbertson ("Mr. Culbertson") as counsel to represent him before the district court. Under the retainer agreement, Mr. Jackson agreed to pay a contingent attorney's fee consisting of 25% of his total past-due benefits. The retainer agreement further provided as follows:

> Any attorneys fees awarded by the court that are paid by the government will be applied to reduce the amount of attorneys fees that would otherwise be due from claimant's past-due benefits. If the amount paid by the government exceeds 25 percent of claimant's past due benefits, then no amount will be due for attorneys fees. If the amount paid by the government is less than 25 percent of claimant's past due benefits, then the difference will be due as agreed to above.

The firm of Bohr & Harrington LLC also entered an appearance on behalf of Mr.

2

Jackson at the district court.

The district court[1] reversed the Commissioner's denial of benefits and remanded Mr. Jackson's case to the Social Security Administration for further administrative proceedings. As the prevailing party in the civil action, Mr. Jackson then petitioned the district court for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Although EAJA fees go to the prevailing party, not the prevailing party's attorney, Mr. Jackson had assigned any fees awarded under the EAJA to Mr. Culbertson and any other attorney who worked on his case. The district court therefore ordered the Commissioner to pay an EAJA award of $3,371.93 to Mr. Jackson's attorneys.

On remand, the Commissioner awarded Mr. Jackson $30,538.82 in past-due Supplemental Security Income ("SSI") disability benefits. Mr. Culbertson then filed a motion for attorney's fees under 42 U.S.C. § 406(b).[2] Because an EAJA fee

---

[1] By consent of the parties and in accordance with 28 U.S.C. § 636(c), a United States Magistrate Judge conducted all proceedings in this case.

[2] Mr. Jackson brought two different types of claims: for Social Security Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and for SSI disability benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381a. The payment of attorney's fees for Title II claims is governed by 42 U.S.C. § 406; the payment of attorney's fees for Title XVI claims is governed by 42 U.S.C. § 1383(d). However, Congress has extended the Title II attorney's fee payment system to claims brought under Title XVI. See Social Security Protection Act of 2004, Pub. L. No. 108-203, § 302, 118 Stat. 493, 519–21, as amended by Social Security Disability Applicants' Access to Professional Representation Act of 2010, Pub. L. No. 111-142, 124 Stat. 38. Thus, even though the current appeal only involves Mr. Jackson's Title XVI claim for past-due SSI benefits, we will adopt the district court's terminology and refer to Mr. Culbertson's fee request as a request under 42 U.S.C. § 406(b).

had already been awarded earlier in the case, Mr. Culbertson requested only the difference between 25% of Mr. Jackson's past-due benefits and the amount of the EAJA fee.[3]

The district court found, in light of the time spent and the results achieved, that there was no reason to reduce Mr. Culbertson's contingent-fee award. However, the district court declined to award Mr. Culbertson the difference between the 25% amount and the EAJA fee, as he had requested. Instead, relying on the EAJA's Savings Provision, the district court awarded Mr. Culbertson $7,634.70, or the full 25% of Mr. Jackson's past-due benefits. At the same time, the district court ordered Mr. Culbertson to refund the $3,371.93 EAJA fee to Mr. Jackson. Mr. Jackson appeals the imposition of this refund procedure, arguing that the district court misinterpreted the relevant statutes.

## II. DISCUSSION

"To resolve this appeal, we are called upon to engage in an exercise of

---

[3] The Commissioner determined that Mr. Jackson was entitled to $30,538.82 in past-due SSI benefits. Twenty-five percent of this amount is $7,634.70. The EAJA award was $3,371.93. Mr. Culbertson requested that he be awarded the difference between the 25% amount and the EAJA award, which should have been $4,262.77 ($7,634.70 – $3,371.93 = $4,262.77). Because Mr. Culbertson's motion erroneously indicated that the EAJA award was $3,444.19, however, he actually only requested $4,190.51 ($7,634.70 – $3,444.19 = $4,190.51). We have assumed in this opinion that Mr. Culbertson intended to request $4,262.77.

Mr. Culbertson's motion also contained another scrivener's error: on page 5, he requested authorization to charge his client $4,488.25. The basis for this second amount is unclear.

4

statutory interpretation. We review the district court's interpretation of a statute de novo." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1275 (11th Cir. 2006). "[I]f the statute speaks clearly to the precise question at issue, we must give effect to the unambiguously expressed intent of Congress." Barnhart v. Walton, 535 U.S. 212, 217–18, 122 S. Ct. 1265, 1269 (2002) (internal quotation marks omitted).

Two different statutes govern the fees that may be awarded when claimants seek Social Security benefits. First, under 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Assuming that the requested fee is within the 25 percent limit, the court must then determine whether "the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002). For example, courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. Id. at 808, 122 S. Ct. at 1828. A § 406(b) fee is paid by the claimant out of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Under 42 U.S.C. § 406(b)(2), it is a

criminal offense for an attorney to collect fees in excess of those allowed by the court.

Second, successful Social Security benefits claimants may request a fee award under the EAJA. Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). See Gisbrecht, 535 U.S. at 796, 122 S. Ct. at 1822; Reeves v. Astrue, 526 F.3d 732, 736 (11th Cir. 2008). Unlike§ 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds.

The EAJA also includes a Savings Provision, which states in relevant part as follows:

> Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186.

When deciding Mr. Culbertson's request for a § 406(b) fee award, the district court properly considered whether the fee sought was reasonable in light of the services rendered. See Gisbrecht, 535 U.S. at 807–08, 122 S. Ct. at 1828. The district court erred, however, when it concluded that the EAJA's Savings Provision required it to award Mr. Culbertson the full 25% of Mr. Jackson's past-due benefits and also required it to order Mr. Culbertson to refund the EAJA fee. Instead of increasing the § 406(b) award to compensate for the fact that it was ordering Mr. Culbertson to refund the EAJA fee, the district court could have simply awarded Mr. Culbertson the difference between 25% of Mr. Jackson's past-due benefits and the amount of the EAJA fee.

"The starting point in statutory interpretation is the language of the statute itself." Ardestani v. INS, 502 U.S. 129, 135, 112 S. Ct. 515, 519 (1991) (internal quotation marks and alterations omitted). The plain language of the EAJA's Savings Provision indicates that the district court erred when it imposed a refund requirement in this case, for two reasons.

First, the Savings Provision directs the claimant's attorney to refund the amount of the smaller fee. See 28 U.S.C. § 2412 note ("Section 206(b)(2) of the Social Security Act shall not apply . . . if, where the claimant's attorney receives fees for the same work under both [§ 406(b) and the EAJA], *the claimant's attorney*

7

refunds to the claimant the amount of the smaller fee." (emphasis added)). The obligation to make the refund is imposed on the attorney. There is no language in the Savings Provision that requires courts to take any action with respect to the refund. In particular, nothing in the Savings Provision commands courts to order a specific refund procedure if the claimant's attorney has already taken other steps to effectuate the refund.

Second, the sentence in the EAJA's Saving Provision dealing with refunds specifically references 42 U.S.C. § 406(b)(2), not § 406(b)(1) or § 406(b) more generally. "[W]e must presume that Congress said what it meant and meant what it said." United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc). Section 406(b)(2) is the statutory provision that makes it a misdemeanor for an attorney to collect fees greater than the amount authorized by the court. By specifically referencing § 406(b)(2) in the EAJA Savings Provision, Congress made it clear that no criminal penalties attach when the claimant's attorney receives fees under both the EAJA and § 406(b) but refunds the smaller of the fees to the claimant. We have previously recognized that the Savings Provision was intended to prevent attorneys from receiving double recovery under both the EAJA and § 406(b). See Watford v. Heckler, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). There is nothing in the Savings Provision to indicate that Congress intended to create a

refund requirement in cases like this one, where there is no concern that the attorney is obtaining a double recovery. Mr. Culbertson intended to request $4,262.77 as his fee under § 406(b). That amount, when added to the $3,371.93 previously awarded under the EAJA, comes to $7,634.70 or 25% of Mr. Jackson's past-due benefits, the figure sanctioned by the district court. Mr. Culbertson's fee request was within the limits set by § 406(b)(2), and there was no need for him to refund an amount to Mr. Jackson.

Our analysis is in keeping with the Ninth Circuit's decision in Crawford v. Astrue, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009). In that case, like here, the claimants' attorneys got fee awards under the EAJA and then requested fees under 42 U.S.C. § 406(b). The Ninth Circuit noted that "the district court properly reduced the fee award [under § 406(b)] by the amount of attorneys' fees already paid by the government under the [EAJA]." Crawford, 586 F.3d at 1144 n.3.

We are not persuaded by the Tenth Circuit's observation in McGraw v. Barnhart, 450 F.3d 493, 497 n.2 (10th Cir. 2006) ("This circuit has long recognized that counsel who receives fee awards under both EAJA and [§ 406(b)] must pay the smaller amount to the client. Mr. McGraw's counsel recognized this obligation and sought to fulfill it by deducting the amount of his EAJA fee from his [§ 406(b)] fee request, so that the Commissioner would simply make a larger refund to Mr.

9

McGraw. The district court disapproved of this practice in this case. Similarly, we believe that it is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner." (citations omitted)). Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision, we are not persuaded that such a refund is the only way to comply. Again, nothing in the Savings Provision forecloses an attorney from effecting the refund by reducing his § 406(b) fee request. Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney does not get a double recovery.

The district court also believed that the refund procedure was required by the Supreme Court's decision in Gisbrecht, 535 U.S. at 796, 122 S. Ct. at 1822, and by our opinion in Bergen, 454 F.3d at 1277. We read Gisbrecht differently.

First, Gisbrecht addressed a different issue—namely, whether courts should presume the reasonableness of contingent-fee agreements between claimants and their counsel when determining § 406(b) fees, or whether courts should instead employ a lodestar calculation. 535 U.S. at 792, 122 S. Ct. at 1820. In the course of reviewing the legislative background for § 406(b) fees, the Supreme Court briefly discussed the differences between EAJA fees and § 406(b) fees, then observed that

10

Congress harmonized the two statutes "in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"  Gisbrecht, 535 U.S. at 796, 122 S. Ct. at 1822 (quoting 28 U.S.C. § 2412 note).

This language from Gisbrecht does not require the refund procedure imposed by the district court in this case.  In its discussion of EAJA fees, the Supreme Court recognized that in many cases, the EAJA "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket."  Id.  That is precisely what Mr. Culbertson sought to do here.  By deducting the amount of the EAJA award from his § 406(b) fee request, he reduced the amount that Mr. Jackson would otherwise be required to pay in § 406(b) fees, thereby increasing the portion of past-due benefits payable directly to Mr. Jackson.

It is worth noting that the district court in Gisbrecht employed the same kind of offset procedure that Mr. Culbertson wanted to use in this case, and the Supreme Court did not indicate that there were any problems with this procedure.  The attorneys for the three claimants in Gisbrecht were awarded EAJA fees of $3,339.11, $5,164.75, and $6,836.10, respectively.  535 U.S. at 797, 122 S. Ct. at 1822.  The district court then determined that the appropriate § 406(b) fees for those claimants' respective attorneys were $3,135.00, $5,461.50, and $6,550.00.  Id. at

11

798, 122 S. Ct. at 1823. Because the § 406(b) fees for the first and third claimants were less than the amount of their EAJA awards, the district court determined that no portion of those claimants' past-due benefits was payable to counsel. Id. For the second claimant, the § 406(b) fee exceeded the EAJA fee by $296.75; the district court therefore ordered that $296.75 of that claimant's past-due benefits be paid to counsel. Id. The Supreme Court disagreed with the way the district court calculated the § 406(b) fees, but it did not question the use of the offset procedure.

The district court also looked to our opinion in Bergen, 454 F.3d at 1277, when imposing its refund requirement. However, Bergen provides no support for the district court's ruling, either. Like Gisbrecht, Bergen decided an unrelated issue. In Bergen, we held that § 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings and the Commissioner then awards the claimant past-due benefits. 454 F.3d at 1277. Although we briefly quoted Gisbrecht's language about Congress harmonizing EAJA and § 406(b) fee awards by requiring the claimant's attorney to refund the smaller fee, we did so only to point out that the later-enacted EAJA did not render 42 U.S.C. § 406(b) superfluous. Id. The plain language of the EAJA Savings Provision does not require the refund procedure used by the district

12

court here, and nothing in <u>Bergen</u> alters that conclusion.[4]

## III.  CONCLUSION

The EAJA Savings Provision does not mandate the refund procedure imposed by the district court in this case.  Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.  We reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[4] Again, the current appeal involves only the attorney's fees withheld from Mr. Jackson's past-due SSI benefits under Title XVI of the Social Security Act.  In his reply brief, Mr. Jackson indicates for the first time that the Commissioner has recently provided information about the calculation of Mr. Jackson's past-due benefits under Title II.  Mr. Jackson therefore requests an extension of time for Mr. Culbertson to file his § 406(b) request for fees withheld from Mr. Jackson's past-due Title II benefits.  "Normally, we will not address an argument raised for the first time in a reply brief."  <u>Mamone v. United States</u>, 559 F.3d 1209, 1210 n.1 (11th Cir. 2009).  We see no reason to depart from that rule in this case.  The request for an extension is more properly raised with the district court.