[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15211
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00460-CV-ORL-18UAM

RICHARD H. GREEN,

                                                        Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 2, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

    Richard H. Green, through his attorney Richard A. Culbertson, appeals the

district court's order partially granting Culbertson's request for attorneys' fees under the Social Security Act, 42 U.S.C. § 406(b). Although the magistrate judge awarded Culbertson attorneys' fees under § 406(b), he declined appellant's request to reduce his § 406(b) fee with a smaller fee previously awarded under the Equal Access to Justice Act (" EAJA"), concluding that strict compliance with the EAJA Savings Provision instead required Culbertson to refund the smaller EAJA fee and accept the § 406(b) fee in full. Green challenges that ruling in this appeal.

In the intervening months after Green filed this appeal, our Court decided *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11 th Cir. 2010), which squarely controls this case. In *Jackson*, we held that the EAJA Savings Provision does not mandate a specific procedure for refunding the smaller of the two attorneys' fees when a prevailing claimant recovers fees under both the EAJA and 42 U.S.C. § 406(b). 601 F.3d at 1272. Thus, we reversed the district court, which had held that the EAJA Savings Provision required it to award the full 25% of a claimant's past-due benefits in order to require the attorney to refund the EAJA fee. The district court made the same error here in denying Culbertson's request to deduct the EAJA fee from his § 406(b) fee and award him the difference. *Jackson* made plain that "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. §

2

406(b) request." *Id.* at 1274. Accordingly, we reverse and remand for further

proceedings consistent with *Jackson* and this opinion.[1]

**REVERSED AND REMANDED.**[2]

---

[1]     We decline to address the Commissioner's argument that the district court erred in calculating Green's § 406(b) fee by failing to include in its calculus the $5,300.00 already paid to Green's administrative attorney under § 406(a) because the Commissioner failed to file a cross-appeal raising the issue. *See United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435–36, 44 S. Ct. 560, 564 (1924) (although a party may raise any argument in support of a judgment, a party who has not appealed may not bring an argument in opposition to a judgment or attack the judgment in any respect); *Campbell v. Wainwright*, 726 F.2d 702, 704 (11th Cir. 1984) (a party who has not appealed may not "hitch a ride on his adversary's notice of appeal" to "enlarge his rights under the judgment or diminish those of the opposing party").

Nor do we address Green's argument that the § 406(b) fee awarded by the magistrate judge was unreasonable because it exceeded the amount agreed upon by the parties. This argument is based on a mischaracterization of the fee agreement, which provided that the § 406(b) fee would be 25% of the past-due benefits. Contrary to Green's suggestion, the § 406(b) fee set by the agreement would produce the same net dollars for the attorney as would the magistrate's order. Viewed in this light, Green's reasonableness argument is nothing more than a circular reprise of his disagreement with the magistrate judge's interpretation of the EAJA's Savings Clause and his refusal to apply the EAJA fee to the §406(b) fee, which is resolved by *Jackson* in Green's favor.

[2]     Appellant's request for oral argument is DENIED.

3