[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

No. 10-14720
Non-Argument Calendar

_____

Docket No. 6:07-cv-01304-JA-GJK

DENNIS W. BLACK,

Plaintiff-Appellant,

versus

RICHARD A. CULBERTSON,

Interested Party-Appellee,

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 27, 2012)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Dennis W. Black, proceeding pro se, appeals the district court's order granting his lawyer's petition for authorization to charge Black reasonable attorney's fees, pursuant to 42 U.S.C. § 406(b). No reversible error has been shown; we dismiss in part and affirm in part.[1]

Black, represented by his lawyer Richard Culbertson, filed a complaint in the district court, seeking judicial review of the Social Security Commissioner's final decision denying his application for social security disability insurance and supplemental security income. The district court ruled in Black's favor, reversing the Commissioner's final decision and remanding the case for additional proceedings. The court also granted Black's petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and directed the Commissioner to pay Culbertson $4,584.02 in attorney's fees.[2]

After the Commissioner awarded Black past-due benefits on remand, Culbertson filed a petition seeking authorization to charge Black reasonable attorney's fees under section 406(b) for his representation in the district court.

---

[1]Black's motion to file excess pages for reply brief is granted.

[2]Culbertson also received $2,064.49 in EAJA fees based on his successful representation of Black in an earlier related case against the Commissioner.

Culbertson attached a contingency fee agreement in which Black agreed to pay Culbertson 25% of his past-due benefits if the district court reversed or remanded the Commissioner's denial of benefits and if Black was then awarded past-due benefits. The agreement also provided that, if the court awarded attorney's fees under the EAJA, the amount of the EAJA award would be subtracted from the amount Black owed Culbertson based on his past-due benefits award. In a second amended report and recommendation ("R&R"), the magistrate judge recommended that the court authorize Culbertson to charge Black $25,769.49 in reasonable attorney's fees, consistent with the terms of the contingency fee agreement. The district court overruled Black's objections and adopted the magistrate's second amended R&R.

On appeal, Black argues that the district court erred in granting Culbertson's petition for authorization to charge reasonable attorney's fees.[3] We review an award of attorney's fees for an abuse of discretion. ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

---

[3]We dismiss as moot Black's argument that the magistrate judge abused his discretion in striking Black's objections to the initial R&R because the magistrate later filed a second amended R&R, gave Black the opportunity to object, and did not strike Black's objections. See Brooks v. Ga. State Bd. of Elections, 59 F.3d 1114, 1119 (11th Cir. 1995) (stating that we lack jurisdiction "to decide questions which have become moot by reason of intervening events").

A district court may award reasonable attorney's fees as part of its judgment in favor of a Social Security claimant who was represented by a lawyer. Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 42 U.S.C. § 406(b)(1)(A)). The attorney's fee may not be more than "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment," and the court must determine whether the requested fee is reasonable based on the services rendered. Id. If an attorney receives attorney's fee under both the EAJA and section 406(b), he must refund the smaller fee to his client, but "may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent [section] 406(b) fee request." Id. at 1274.

On remand from the district court, the Commissioner awarded Black a total of $129,672 in past-due Social Security benefits. Pursuant to the contingency fee agreement between Black and Culbertson, Culbertson's fee for a successful suit would equal 25% of Black's past-due benefits award ($32,418) minus the amount Culbertson received in EAJA awards (totaling $6,648.51), which amounted to $25,769.49. This fee is consistent with the parties' agreement and with the statutory limitations. In addition, the district court determined -- and Black does not dispute -- that this fee was reasonable based on Culbertson's representation.

Thus, we see no abuse of discretion in the district court's award of attorney's fees under section 406(b).

We reject Black's assertion that because Culbertson had already received attorney's fees under the EAJA, the award of attorney's fees under section 406(b) was barred by <u>res judicata</u>.[4]  Culbertson could not have requested authorization to charge attorney's fees as part of the earlier petition for EAJA fees because the Commissioner had not yet awarded Black past-due benefits on remand.  Moreover, the award of attorney's fees under the EAJA and under section 406 do not constitute the same cause of action.  <u>See Shurick v. Boeing Co.</u>, 623 F.3d 1114, 1116-17 (11th Cir. 2010) (explaining that a claim is barred by <u>res judicata</u> "whenever (1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action.").

---

[4]We also reject -- as unsupported by the record -- Black's following arguments: (1) that the district court did not reverse the Commissioner's decision; (2) that the court awarded Culbertson fees for Black's administrative proceedings; (3) that Culbertson stole Black's identity to file the petition for fees; and (4) that Culbertson sought to collect a fee in excess of that allowed under section 406. In addition, nothing required Culbertson to obtain Black's permission before requesting authorization to charge attorney's fees or for Culbertson to continue representing Black after Black objected to the award of attorney's fees.  We also reject Black's due process argument because Black was notified of Culbertson's request and was given an opportunity to object to the award before the district court adopted the magistrate's second amended R&R.

Black also argues that the magistrate judge abused his discretion in denying Black's motion for an enlargement of time to respond to Culbertson's motions. We review a district court's interpretation and application of its local rules for abuse of discretion. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009). Local Rule 3.01(g) requires a party "filing any motion in a civil case" to confer with opposing counsel, to certify in his motion that he conferred with opposing counsel, and to state whether counsel agreed on the resolution of the motion. M.D. Fla. Rule 3.01(g). Pro se litigants are required to conform to such procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Because Black did not confer with Culbertson or certify that he did so in his motion for an enlargement of time, the magistrate did not abuse its discretion in denying the motion for failure to comply with Local Rule 3.01(g).

DISMISSED IN PART; AFFIRMED IN PART.