[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10552
Non-Argument Calendar
_____

D.C. Docket No. 6:08-cv-01986-JA-DAB

MARJORIE S. BOOKMAN,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 24, 2012)

Before CARNES, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

    Marjorie S. Bookman appeals the district court's grant of attorney's fees and

costs, which it awarded after her successful application for disability benefits. She contends that the district court abused its discretion by not granting her request for additional attorney's fees under 42 U.S.C. § 406(b) and by awarding her only $2,875 in attorney's fees and $350 in costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## I.

Bookman filed a complaint in federal district court challenging the Social Security Administration's denial of her application for disability benefits. After a remand, the SSA awarded Bookman disability benefits, including past-due benefits of $20,148, and it set aside 25% of those past-due benefits for Bookman's attorney under 42 U.S.C. § 406(a). The district court affirmed the SSA's decision, and Bookman filed a motion for additional attorney's fees and costs under 42 U.S.C. § 406(b) and 28 U.S.C. § 2412.

A magistrate judge issued a report recommending the district court grant Bookman's motion in part and deny it in part. The report concluded that the number of hours Bookman's attorney billed and the rate he charged were both excessive. It recommended that the United States be taxed under 28 U.S.C. § 2412 for Bookman's costs of $350 and her attorney's fees in the amount of $2,875—23 hours at $125 per hour of $350. The district court adopted the

magistrate judge's recommendation over Bookman's objections, but it did not consider her request for attorney's fees under 42 U.S.C. § 406(b). Bookman appealed.

## II.

We review only for an abuse of discretion the district court's resolution of a motion for attorney's fees and costs. See Friends of the Everglades v. S. Fla. Water Mgmt. Dist., 678 F.3d 1199, 1201 (11th Cir. 2012). We may affirm on any basis supported by the record, even if the district court did not rely upon it. Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778 n.3 (11th Cir. 2002).

## III.

Bookman contends the district court abused its discretion by not considering her § 406(b) request for attorney's fees. If a party filing for disability benefits receives a favorable determination before the SSA, the Commissioner is required to fix a reasonable fee to compensate her attorney, but that award may not exceed 25% of the claimant's past-due benefits. 42 U.S.C. § 406(a). Similarly, if a party filing for disability benefits receives a favorable judgment from a court, the court may fix a reasonable fee to compensate her attorney, but that award also may not exceed 25% of the claimant's past due benefits. Id. § 406(b). And the aggregate of the attorney's fees awarded under § 406(a) and § 406(b) may not exceed 25% of

3

the claimant's past due benefits.  Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970).[1]  Awards under § 406 are paid "by the claimant out of the past-due benefits awarded."  Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010).

In this case, the district court did not abuse its discretion because it was not authorized to award additional attorney's fees under § 406(b).  The SSA had already awarded 25% of Bookman's past-due benefits to her attorney under § 406(a), and any additional award under § 406(b) would have resulted in an aggregate award that exceeded the maximum allowable under § 406.  See id.

## IV.

Bookman also contends that the district court abused its discretion when it calculated her award for attorney's fees under 28 U.S.C. § 2412, which permits a prevailing party to recover from the United States fees and other expenses incurred in proceedings for judicial review of an agency action under some circumstances.  See 28 U.S.C. § 2412(a)(1), (d)(1)(A).  An award under 28 U.S.C. 2412 is "in addition to and separate from" any fees awarded under 42 U.S.C § 406.  See Jackson, 601 F.3d at 1271.  Courts use a two-step process to determine the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

appropriate hourly rate, first determining the market rate for similar services by similar attorneys and then determining whether an increase in the cost of living or a special factor justifies adjusting the hourly rate higher than the statutory cap of $125.  See id. § 2412(d)(2)(A)(ii); Meyer v. Sullivan, 958 F.2d 1029, 1033 (11th Cir. 1992).  The applicant for attorney's fees bears the burden of demonstrating the market rate.  See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

The district court did not abuse its discretion by setting the hourly rate at $125.  Bookman presented no evidence about the market rate for similar services by similar attorneys.  Because she did not show that the market rate was higher than $125, the district court was not required to determine whether a cost-of-living adjustment to the hourly rate was appropriate.[2]

**AFFIRMED.**

---

[2] Bookman also states in her brief that the district court reduced the number of hours billed from 82.8 to 23, which she says is "too much."  She does not, however, identify which hours were improperly discounted or cite any authority as to why the court abused its discretion.  Accordingly, she has abandoned any challenge to the district court's finding that 23 hours were reasonable.  See Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").