[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14366
Non-Argument Calendar
_____

D.C. Docket No. 6:07-cv-00932-DAB

GEORGE H. PALTAN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 1, 2013)

Before BARKETT, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

George Paltan appeals the district court's[1] award of attorney's fees under 42 U.S.C. § 406(b) to Richard Culbertson, his attorney before the district court in a challenge to the Social Security Administration's denial of his application for disability insurance benefits and supplemental security income.  On appeal, Paltan argues the district court erred by awarding Culbertson attorney's fees in the amount of $182.91, rather than $4,281.83.  He maintains the district court erroneously concluded that the total amount of attorney's fees recoverable under 42 U.S.C. § 406(a), § 406(b), and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), could not exceed 25% of Paltan's past-due benefits.

The district court did not err in its attorney's fees calculation.[2]  Paltan was represented in his proceedings before the Social Security Administration by J. Michael Matthews.  After the Commissioner of Social Security denied Paltan's application for benefits, Paltan, represented by Culbertson, successfully appealed to the district court.  Following the district court's remand, the Social Security Administration awarded Paltan $38,327.35 in past-due benefits.  Accordingly, Matthews and Culbertson could receive, in the aggregate, 25% of those past-due benefits as attorney's fees, or $9,581.83.  *See Dawson v. Finch*, 425 F.2d 1192,

---

[1] The parties consented to the resolution of the case by a magistrate judge pursuant to 28 U.S.C. § 636(c).  For convenience, we refer to the district court throughout this opinion.

[2] We review the district court's award of attorney's fees for abuse of discretion, *see Watford v. Heckler*, 765 F.2d 1562, 1569 n.11 (11th Cir. 1985), and review the court's interpretation of a statute de novo, *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

1195 (5th Cir. 1970) (holding that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant").[3]  Because Matthews received $5,300.00 in attorney's fees pursuant to 42 U.S.C. § 406(a) for his work before the Social Security Administration, Culbertson was entitled only to $4,281.83 under § 406(b) for his work before the district court—i.e., the remainder of the $9,581.83 of past-due benefits available for attorney's fees.  *See Dawson*, 425 F.2d at 1195.

Culbertson, however, previously obtained an attorney's fees award of $4,098.92 under the EAJA for the work he did before the district court.  As such, the "Savings Provision" of the EAJA required Culbertson to refund either the EAJA award or the § 406(b) award, whichever was smaller.  28 U.S.C. § 2412, note; Pub. L. No. 99-80, § 3, 99 Stat. 186 (1985); *see also Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271-72 (11th Cir. 2010).  Because the $4,098.92 EAJA award was smaller than the § 406(b) award of $4,281.83, Culbertson was required to refund the EAJA award to Paltan.  Culbertson had the option of either refunding the EAJA award to Paltan directly, or reducing his § 406(b) award by $4,098.92, leaving him with a § 406(b) award of $182.91, the figure calculated by the district

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

court.[4] *See Jackson*, 601 F.3d at 1274 (explaining that an attorney who receives fees under both the EAJA and § 406(b) "may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 28 U.S.C. § 406(b) fee request").

In performing this calculus, the district court did not create a new rule limiting attorney's fees awards under § 406(a), § 406(b), and the EAJA to 25% of a claimant's past-due benefits. Instead, the district court followed binding Circuit precedent in imposing a 25% cap on attorney's fees under § 406(a) and (b) in the aggregate. The court, moreover, did not err by refusing to allow Culbertson to offset his EAJA award by deducting it from the total of Paltan's past-due benefits, which included the § 406(a) award to Matthews, or by prohibiting Culbertson from receiving double payment under the EAJA and § 406(b) for representing Paltan before the district court. *See id.* at 1272 ("We have previously recognized that the Savings Provision was intended to prevent attorneys from receiving double recovery under both the EAJA and § 406(b)."). Accordingly, we affirm the district court's award of attorney's fees.

**AFFIRMED.**

---

[4] Although the district court awarded Culbertson $182.91 under § 406(b), rather than giving him the option of refunding the EAJA award to Paltan directly, this issue has not been raised on appeal and it is therefore abandoned. *See Access Now, Inc. v. Sw. Airlines, Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).