[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11556
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-02051-CEM-TBS


RONNIE LEE BROWN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 25, 2017)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ronnie Lee Brown appeals the district court's order affirming the Commissioner of the Social Security Administration's denial of his applications for social security income and disability insurance benefits. He contends that the administrative law judge erred by failing to consider his need for supplemental oxygen in determining his residual functional capacity, and that the ALJ failed to develop a full and fair record.

When an ALJ denies benefits and the Appeals Council denies review of that decision, we review the ALJ's decision as the Commissioner's final decision. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). We review de novo the Commissioner's legal conclusions, and we consider the Commissioner's factual findings conclusive if supported by substantial evidence. Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).

To be eligible for social security income and disability insurance benefits, a claimant must have a disability. 42 U.S.C. §§ 423(a)(1)(E), 1382(a). An ALJ must follow the Commissioner's five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). During the last two steps of the process, an ALJ considers the claimant's residual

2

functional capacity, see id., which is "the most [a claimant] can still do despite [his] limitations," id. § 404.1545(a)(1).  The ALJ considers medical evidence and other relevant evidence in the record in making that assessment.  Id. § 404.1545(a)(3).

Brown argues that the ALJ "failed to account" for his need for supplemental oxygen in determining his residual functional capacity.  Based on the record and the ALJ's written decision, it is clear that the ALJ considered his need for oxygen yet concluded that continuous use of supplemental oxygen was not medically necessary for Brown.  She made that determination based on his medical records and her finding that Brown's testimony as to his need for continuous oxygen was not entirely credible.  As a result, it appears that Brown actually takes issue with the ALJ's determinations as to his credibility and about his need for supplemental oxygen.

The record contains adequate evidence to support the ALJ's conclusion that Brown did not need to continuously use supplemental oxygen.  The ALJ considered, among other things, his history of noncompliance with recommended medical care; his treatment records, which indicated stable conditions when he complied with recommended medical care; the activities he claimed to have performed while allegedly needing oxygen, such as cutting the grass; and evidence of his ability to conduct his daily activities that was contrary to what he had

3

generally reported.  Although Brown was discharged from the hospital on two occasions with instructions to use home oxygen, those instructions did not indicate how much home oxygen he needed, and none of his other hospital discharges included an instruction to use home oxygen.  Based on all of the evidence, the ALJ concluded that there was nothing in the record showing that Brown's need for supplemental oxygen was permanent, or showing to what extent he needed supplemental oxygen.  As a result, substantial evidence supports the ALJ's determination that he did not require continuous supplemental oxygen.[1]

Brown's challenge to the ALJ's finding as to his credibility also fails.  The ALJ provided several reasons for finding Brown's statements about his need for continuous oxygen not credible.  In particular, she pointed to inconsistencies between his testimony and evidence in the record.  We will not disturb that finding. Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.").

Brown also challenges the ALJ's determination at step five that he could perform work in the national or regional economy based on a vocational expert's testimony.  He argues that the ALJ asked the vocational expert an improper

---

[1] In his reply brief, Brown argues that the ALJ failed to consider his need to carry his supplemental oxygen in assessing his upper extremity limitations.  Because he raised that argument for the first time in his reply brief, we do not address it.  See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1274 n.4 (11th Cir. 2010).

4

hypothetical question because the question was based on his residual functional capacity, "which failed to account for [his] need to use supplemental oxygen." But because the ALJ did not "fail[ ] to account" for Brown's need for supplemental oxygen in determining his residual functional capacity, the ALJ did not err in posing hypothetical questions to the vocational expert that did not describe his need for supplemental oxygen. The ALJ's hypothetical questions included all of the impairments that Brown met his burden to show. As a result, substantial evidence supports the ALJ's conclusion that Brown could perform jobs that were available in significant numbers in the national economy. See Winschel, 631 F.3d at 1180 ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

Finally Brown contends that, "[i]f the ALJ believed that the record was insufficient regarding [his] need for supplemental oxygen, then she should have further developed the issue." An ALJ has a basic obligation to develop a full and fair record, Welch v. Bowen, 854 F.2d 436, 440 (11th Cir. 1988), and the record shows that the ALJ fulfilled that obligation in this case. Brown has not identified what evidence was available to him that the ALJ could have used in developing the record, and it was his burden to show that that his need for supplemental oxygen would prevent him from performing the jobs identified by the vocational expert.

See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) ("[The social security] regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work.").

During the disability hearing, the ALJ elicited testimony from Brown as to his need for oxygen. She specifically asked Brown about his two oxygen prescriptions, the dates of those prescriptions, and the extent to which he needed oxygen. The ALJ noted that Brown "came to the hearing . . . with [portable] oxygen." The record also contains other evidence of Brown's respiratory condition and medical care, including records of hospital discharges that do not instruct Brown to use home oxygen. As a result, Brown's contention that the ALJ should have "further developed" the record as to his need for oxygen is unfounded.

**AFFIRMED.**