[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13664
_____

D.C. Docket No. 6:12-cv-00915-DAB

KATRINA F. WOOD,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

No. 16-13665
_____

D.C. Docket No.  6:12-cv-01882-KRS

CELALETTIN AKARCAY,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

No. 16-13666
_____

D.C. Docket No.  6:14-cv-00784-DAB

BILL J. WESTFALL,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

No. 16-14004
_____

D.C. Docket No.  6:13-cv-01336-KRS

DARLEEN R. SCHUSTER,

Plaintiff-Appellant,

RICHARD ALLEN CULBERTSON,

Petitioner-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

2

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 26, 2017)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

MARTIN, Circuit Judge:

Richard Culbertson was counsel to the four plaintiffs shown in the caption here, who asked for and were awarded Social Security disability benefits. This appeal consolidates the four cases, and it is about attorney's fees for Mr. Culbertson. To his credit, Mr. Culbertson represented Katrina Wood, Celalettin Akarcay, Bill Westfall, and Darleen Schuster (together, the "claimants") in their successful challenge to the Commissioner of Social Security's decision to deny them disability benefits. After winning for these clients, Mr. Culbertson asked the District Court to award him attorney's fees in all four cases.[1]

Two statutes govern fees paid to lawyers representing Social Security claimants. First, 42 U.S.C. § 406 allows the Commissioner to set a fee for

---

[1] Mr. Culbertson is the real party in interest in this appeal. See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6, 122 S. Ct. 1817, 1823 n.6 (2002). Because Mr. Culbertson's attorney's fees will come out of the award that would otherwise go to his clients, the Commissioner now "plays a part in the fee determination resembling that of a trustee for the claimants." Id. To be clear about the parties' roles here, if Mr. Culbertson wins, his clients will get less money. If the Commissioner wins, they will get more. See id. at 804 n.13, 122 S. Ct. at 1826 n.13 (noting attorneys are "paid directly with funds withheld from their clients' benefits awards"); 42 U.S.C. § 406(a)(4).

3

representation of the claimant at the administrative level, id. § 406(a), and the District Court to set a fee for representation of the claimant in court, id. § 406(b). Second, a claimant can request fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In this appeal, Mr. Culbertson argues that the District Court did not correctly calculate the fees he is entitled to under these statutes and Eleventh Circuit precedent. After careful consideration, and with the benefit of oral argument, we affirm the decisions of the District Court.[2]

## I.

Mr. Culbertson represented all four of the captioned plaintiffs in appealing the Commissioner's denial of disability benefits to them. He was successful in all four appeals. We will set out a narrative about each of the cases, which is summarized in a chart in section I.E.

### A.    MS. WOOD

The District Court reversed the Commissioner's denial of benefits to Ms. Wood, then remanded her case to the Commissioner. The court later awarded Ms. Wood $4,107.27 in attorney's fees under the EAJA. On remand, the Commissioner awarded Ms. Wood past-due benefits of $30,871 and awarded her child $4,340 as an auxiliary beneficiary. As is customary, the Commissioner withheld 25% of the total award ($8,595.75) to pay attorney's fees. The

---

[2] The parties consented to jurisdiction by a U.S. Magistrate Judge in each case. We refer to the Magistrate Judges' orders as those of the District Court.

Commissioner also awarded Mr. Culbertson $2,865 under § 406(a) for representing Ms. Wood at the administrative level.

Mr. Culbertson asked the District Court for attorney's fees of $4,488.48 under § 406(b) for representing Ms. Wood in court. He calculated this figure by subtracting the EAJA award from the 25% of the past-due benefits the Commissioner withheld. The court granted Mr. Culbertson's request in part, but limited his award to $1,623.48. The court declined to pay the full amount requested by Mr. Culbertson because it found he failed to subtract the earlier § 406(a) award in calculating his fees.

## B.    MR. AKARCAY

As with Ms. Wood's case, the District Court reversed the Commissioner's denial of benefits to Mr. Akarcay and remanded the case back to the Commissioner. The District Court later awarded Mr. Akarcay $3,121.70 in attorney's fees under the EAJA. On remand, the Commissioner awarded Mr. Akarcay past-due benefits of $69,047, withholding the usual 25% ($17,261.75) for attorney's fees.

Mr. Culbertson asked the District Court for permission to charge Mr. Akarcay $14,140.05 in attorney's fees under § 406(b), which was the amount withheld minus the EAJA award. The court denied Mr. Culbertson's request. The District Court reasoned that it could not determine the proper § 406(b) fee award

5

without first knowing the attorney's fee award the Commissioner would grant under § 406(a). The District Court directed Mr. Culbertson to file a renewed motion after the Commissioner determined the § 406(a) fee award.

## C.     MS. SCHUSTER

As with the others, the District Court reversed the Commissioner's denial of disability benefits to Ms. Schuster. The court remanded the case back to the Commissioner and later awarded Ms. Schuster $4,988.17 in EAJA attorney's fees. On remand, the Commissioner awarded Ms. Schuster past-due benefits of $54,382, withholding 25% of the award ($13,595.50) for attorney's fees.

Mr. Culbertson sought $10,707.08[3] in attorney's fees under § 406(b). The District Court denied Mr. Culbertson's request, again reasoning that it could not decide the proper § 406(b) fee award until the Commissioner awarded attorney's fees under § 406(a). The District Court noted Mr. Culbertson could file a renewed motion after the § 406(a) fees were set.

## D.     MR. WESTFALL

Again in Mr. Westfall's case, the District Court reversed the Commissioner's denial of disability benefits to him. The court remanded the case to the Commissioner, and awarded Mr. Westfall $2,713.30 in EAJA attorney's

---

[3] Mr. Culbertson says he calculated this figure by subtracting the EAJA award from the 25% withheld from Ms. Schuster's past-due benefits. The District Court was correct in pointing out that there is an error in this calculation, which would have accurately been a request for $8,607.33.

fees.  On remand, the Commissioner awarded Mr. Westfall past-due benefits of $24,157, withholding 25% ($6,039.25) for attorney's fees.

Mr. Culbertson asked for attorney's fees of $3,325.95 under § 406(b), which was the amount withheld minus the EAJA award.  In this case, as in some of the others, the Commissioner had not yet awarded § 406(a) fees.  However, in contrast to the other cases, for Mr. Westfall's case, the District Court granted Mr. Culbertson's fee request "provided that counsel is barred from any further request for fees in this matter, pursuant to § 406(a) or otherwise, and counsel for both parties are directed to advise the agency of this preclusion as part of the Court's award."  In other words, the District Court awarded Mr. Culbertson his 25% (in combined EAJA and § 406(b) fees), but told him he could not ask for more.

In the Westfall case, the Commissioner filed a Federal Rule of Civil Procedure 60 motion, asking the District Court to correct a legal error.  The Commissioner argued the court erred to the extent it "direct[ed] the Commissioner not to award counsel § 406(a) fees," which is a decision "entrusted by statute exclusively to the Commissioner."  The District Court denied the motion, saying its order barred counsel from requesting more fees and "did not purport to direct the Commissioner to take—or not take—any action."

7

E.    SUMMARY

This chart summarizes the past-due benefits awarded and withheld; the attorney's fees awarded and requested; and the relevant District Court order in each claimant's case.

| Petitioner | Ms. Wood | Mr. Akarcay | Ms. Schuster | Mr. Westfall |
|---|---|---|---|---|
| **Past-Due Benefits Awarded** | $35,211 | $69,047 | $54,382 | $24,157 |
| **Past-Due Benefits Withheld (25%)** | $8,595.75 | $17,261.75 | $13,595.50 | $6,039.25 |
| **Amount Mr. Culbertson Received** | $8,595.75 | $3,121.70 plus future awards | $4,988.17 plus future awards | $6,039.25 |
| **EAJA Award** | $4,107.27 | $3,121.70 | $4,988.17 | $2,7137.30 |
| **§ 406(a) Award** | $2,865 | Pending | Pending | N/A |
| **§ 406(b) Request (% of Past-Due Benefits)** | $4,488.48 (12.7%) | $14,140.05 (20.5%) | $10,707.08 (19.7%) | $3,325.95 (13.8%) |
| **District Court Decision on Mr. Culbertson's § 406(b) Request** | Awarded $1,623.48 ($4,488.48 minus $2,865.00) | Denied request and ordered to refile after § 406(a) award is set | Denied request and ordered to refile after § 406(a) award is set | Awarded $3,325.95, but barred from seeking further fees under § 406(a) |

## II.

We review a district court's decision on attorney's fees for an abuse of discretion.  See Watford v. Heckler, 765 F.2d 1562, 1569 n.11 (11th Cir. 1985). The district court's interpretation of a statute, we review de novo.  Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1275 (11th Cir. 2006) (per curiam).

### A.

As we've set out above, there are three statutory provisions allowing fees for lawyers representing people claiming Social Security disability benefits.  Section 406(a) allows attorney's fees for representation of claimants at the administrative level.  42 U.S.C. § 406(a)(1).  Section 406(a) requires the Commissioner to set a reasonable attorney's fee when it decides in favor of a claimant represented by an attorney.  Id.  A fee awarded under § 406(a) is paid out of the claimant's past-due benefits.  Id. § 406(a)(4).  Section 406(a)(1) does not itself limit the amount of fees the Commissioner can award.

Section 406(b) allows "a court entering judgment in favor of a Social Security benefits claimant" to set a reasonable attorney's fee for representing the claimant in court.  Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010); see 42 U.S.C. § 406(b)(1)(A).  A fee awarded under § 406(b) is also paid out of the claimant's past-due benefits.  42 U.S.C. § 406(b)(1)(A).  This fee award can be no more than 25% of the total past-due benefits.  Id.

9

The third statutory source of attorney's fees is the EAJA.  "[S]uccessful Social Security benefits claimants may request a fee award under the EAJA" from the courts.  Jackson, 601 F.3d at 1271.  A court "shall" award this fee "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C § 2412(d)(1)(A).  EAJA fees are paid by the government, and are not taken from the claimant's past-due benefits.  See Jackson, 601 F.3d at 1271.  Neither are EAJA fee awards limited. See Watford, 765 F.2d at 1566–67.  Instead, EAJA fees are set by multiplying the hours spent on a case times a fixed hourly rate.  See Gisbrecht, 535 U.S. at 796, 122 S. Ct. at 1822.

For our purposes here, we note that the EAJA includes a "Savings Provision" that requires an attorney who is awarded fees under both the EAJA and § 406(b) to refund the smaller of the two awards to the claimant.  28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 183, 186.  "[T]he Savings Provision was intended to prevent attorneys from receiving double recovery under both the EAJA and § 406(b)."  Jackson, 601 F.3d at 1272.  "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award . . . ."  Gisbrecht, 535 U.S. at 796, 122 S. Ct. at 1822 (quotation omitted and alterations adopted).  The Savings Provision makes clear that the government pays

the EAJA award so that the claimant spends less of his past-due benefits on an attorney. In other words, EAJA does not exist so much to enrich the claimant's attorney as it does to protect the claimant.

## B.

All parties point to Eleventh Circuit cases interpreting these fee-award statutes. Mr. Culbertson says <u>Jackson</u> explains the method by which he calculated his fee requests under § 406(b). 601 F.3d 1268. In <u>Jackson</u>, this Court considered whether the EAJA required an attorney to affirmatively refund the smaller of the EAJA and § 406(b) fees, or whether the attorney could get the same fee amount by reducing his § 406(b) fee request by the amount of the EAJA award he'd received. <u>Id.</u> at 1269. <u>Jackson</u> concluded that attorneys were allowed to do the latter, because it "effectuate[s] the refund" required by the EAJA Savings Provision. <u>Id.</u> at 1274. Under either administrative approach, the attorney collects the same amount and the claimant receives the same amount. <u>See id.</u> at 1273 ("Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney does not get a double recovery.").

Our precedent also includes Dawson v. Finch, 425 F.2d 1192 (5th Cir. 1970),[4] which guided the District Court's consideration of the relationship between a fee award set by the Commissioner under § 406(a) and a fee award set by the courts under § 406(b). In Dawson, an attorney requested a fee under § 406(b) equal to 25% of his client's past-due benefits, even though the Commissioner already awarded him 25% of the past-due benefits under § 406(a). Id. at 1193. The Dawson panel ruled that the language and legislative history of § 406(b) "clearly indicate[d]" that the 25% cap on fees paid out of past-due benefits was designed "to insure that the old age benefits for retirees and disability benefits for the disabled . . . are not diluted by a deduction of an attorney's fee of one-third or one-half of the benefits received." Id. at 1195. Thus, the panel opined that the 25% limit from § 406(b) applies to total fees awarded under both § 406(a) and (b), "preclud[ing] the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." Id. (emphasis added).

In deciding Mr. Culbertson's fee requests under § 406(b) in each of the four cases, the District Court relied on Dawson. In Ms. Wood's case, the court looked to Dawson's holding that the combined § 406(a) and (b) fees cannot be more than 25% of past-due benefits, and reduced Mr. Culbertson's fee request by the § 406(a)

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

award he had received so as to limit his fee award to 25% of Ms. Wood's past-due benefits. In the other three cases, the Commissioner had not yet made an award under § 406(a). The District Court therefore relied on Dawson's holding when it declined to set § 406(b) fees for Mr. Akarcay's and Ms. Schuster's cases until the Commissioner determined § 406(a) fees. In Mr. Westfall's case, the District Court acknowledged Dawson's holding, but instead of waiting for the Commissioner to determine § 406(a) fees, granted Mr. Culbertson's § 406(b) fee request and at the same time barred him from requesting § 406(a) fees.

## III.

Mr. Culbertson says the District Court erred in three ways: (1) by imposing a 25% cap on § 406 fees; (2) by including the EAJA awards in establishing the cap; and (3) by exceeding its authority in directing the Commissioner.

## A.

Mr. Culbertson first says the District Court did not properly apply Dawson in capping his total fee awards at 25% of past-due benefits. He says Dawson distinguished between the amount that can be paid out from a claimant's past-due benefits and the fee awards the Commissioner and district court can "authorize." He argues that because the attorney in Dawson had already been paid 25% of the claimant's past-due benefits, the Dawson holding meant the attorney could not be paid more from those funds. Yet, he argues that Dawson did not limit the amount

13

of fees that can be <u>authorized</u> under § 406.  Unfortunately for Mr. Culbertson, this distinction is refuted by the words of the <u>Dawson</u> opinion itself.  It said "[w]e are fully convinced that 42 U.S.C.[] [§] 406 precludes the aggregate <u>allowance</u> of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant.  Dawson has already been <u>authorized</u> by the Secretary to charge the maximum.  He is entitled to no more."  425 F.2d at 1195 (emphases added).

Mr. Culbertson points out that some other circuits do not apply the 25% limit in § 406(b) to the aggregate fee award under § 406.  <u>See</u> <u>Clark v. Astrue</u>, 529 F.3d 1211, 1218 (9th Cir. 2008); <u>Wrenn ex rel. Wrenn v. Astrue</u>, 525 F.3d 931, 937–38 (10th Cir. 2008); <u>Horenstein v. Sec'y of Health & Human Servs.</u>, 35 F.3d 261, 262 (6th Cir. 1994) (en banc).  True, but at the same time all the cases he points to either explicitly or implicitly recognize that <u>Dawson</u> limited the combined § 406(a) and (b) attorney's fee awards to 25% of past-due benefits.  <u>See</u> <u>Clark</u>, 529 F.3d at 1217 (disagreeing with <u>Dawson</u>'s holding); <u>Wrenn</u>, 525 F.3d at 937 (noting <u>Dawson</u>'s holding); <u>Horenstein</u>, 35 F.3d at 262 (overruling <u>Webb v. Richardson</u>, 472 F.2d 529, 536 (6th Cir. 1972), which relied on <u>Dawson</u>'s holding).[5]

---

[5] The Fifth Circuit continues to read <u>Dawson</u> to limit the aggregate award.  <u>See</u> <u>Murkeldove v. Astrue</u>, 635 F.3d 784, 788 & n.1 (5th Cir. 2011); <u>Rice v. Astrue</u>, 609 F.3d 831, 835 & n.12 (5th Cir. 2010).  And the Fourth Circuit relied on <u>Dawson</u> to support its holding that § 406(b) limits the combined § 406 fee award to 25% of past-due benefits.  <u>See</u> <u>Morris v. Social Sec. Admin.</u>, 689 F.2d 495, 497–98 (4th Cir. 1982).

To the extent Mr. Culbertson points to other circuits to argue <u>Dawson</u> was wrongly decided, this does not empower us to ignore it.  We are bound by this circuit's prior panel precedent rule to apply <u>Dawson</u>'s holding unless it is overruled by the Supreme Court or by this Court sitting en banc.  <u>See</u> <u>United States v. Steele</u>, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).  We conclude that the District Court did not err in its interpretation and application of <u>Dawson</u>.

B.

Mr. Culbertson next argues that since EAJA fees are not paid out of a claimant's past-due benefits, the District Court should not have included the EAJA fee awards when calculating whether his requests were within the 25% cap.  He says that he has only asked for § 406(b) fees equal to "12.7%, 13.8%, [19.7%], and 20.5% of the total past due benefits awarded."  But this argument is refuted by our precedent in <u>Jackson</u>, where this Court held an attorney could deduct the EAJA award from her § 406(b) request because this method "effectuate[s] the refund." 601 F.3d at 1274.

Mr. Culbertson's request in Ms. Wood's case demonstrates how his fee requests deplete the claimants' past-due benefits without replenishing them with an EAJA refund, thereby running afoul of <u>Jackson</u>.  In Ms. Wood's case, Mr.

15

Culbertson asked for a total attorney's fee award of $11,460.75.[6] If he were awarded that amount, $1,242.27 of the funds withheld by the Commissioner for attorney's fees would be returned to Ms. Wood.[7] If, to the contrary, Mr. Culbertson had refunded Ms. Wood's EAJA award at the time he got the §406(b) award, he would have given her $4,107.27, and he likely would have kept all of the $8,595.75 withheld by the Commissioner from Ms. Wood's past-due benefits. Thus, Mr. Culbertson's proposal would result in Ms. Wood receiving only $1,242.27, while a refund of the EAJA award would have given her $4,107.27.

This makes clear that Mr. Culbertson's request for fees does not comply with Jackson's requirement that he "effectuate the refund" when taking fees under both § 406(b) and the EAJA. Jackson anticipated that the claimant would get the same amount of money under either method. Mr. Culbertson's argument that the District Court should not have included the EAJA award within the 25% cap is therefore mistaken.

Although not what Mr. Culbertson proposed, our precedent would have allowed him to receive the EAJA fees in lieu of a larger § 406(b) award because Ms. Wood would then have a greater share of the remaining withheld past-due benefits. See Jackson 601 F.3d at 1273 ("By deducting the amount of the EAJA

---

[6] This amount is equal to the total of $4,107.27 in EAJA fees; $2,865 in § 406(a) fees; and the $4,488.48 requested under § 406(b).

[7] $8,595.75 withheld by the Commissioner minus $2,865 in § 406(a) fees and minus Mr. Culbertson's request of $4488.48 in § 406(b) fees would leave $1,242.27 for Ms. Wood.

award from his § 406(b) fee request, [the attorney] reduced the amount that [the claimant] would otherwise be required to pay in § 406(b) fees, thereby increasing the portion of past-due benefits payable directly to [the claimant].") What Mr. Culbertson did propose was to have the District Court use his requested § 406(b) award in calculating the 25% cap. This would have allowed Mr. Culbertson to keep the EAJA award and also deplete the withheld past-due benefits. To preserve Ms. Wood's refund, it is therefore necessary for the District Court to add Mr. Culbertson's requested § 406(b) fee together with his EAJA award to arrive at the "true § 406(b) award" for the purposes of the 25% cap. This method of calculation complies with our precedent, as well as Congress's intent in enacting the Savings Provision. See id. at 1272–73; see also Gisbrecht, 535 U.S. at 796, 122 S. Ct. at 1822 (noting the Savings Provision works to increase "the amount of the total past-due benefits the claimant actually receives" (quotation omitted and alteration adopted)).

## C.

Finally, Mr. Culbertson argues the District Court exceeded its authority in its directions to the Commissioner. The Commissioner agrees that the District Court exceeded its power in directing the Commissioner in Mr. Westfall's case, to the extent the District Court imposed requirements on the Commissioner. Yet, the Commissioner says the District Court's orders were otherwise correct.

We do not read the District Court order in Mr. Westfall's case in the way that the parties read it. It seems clear to us that, as explained in its Rule 60 order, the District Court order granting § 406(b) fees imposed no requirements on the Commissioner. The court simply barred Mr. Culbertson from seeking more fees, and in doing so, acted within its powers. See Farese v. Scherer, 342 F.3d 1223, 1232 n.11 (11th Cir. 2003) (per curiam) ("We have long held that powers incidental to the federal court include the authority to control and discipline attorneys appearing before it." (quotation omitted)). The court also acted within its authority in Mr. Akarcay's and Ms. Schuster's cases in denying Mr. Culbertson's § 406(b) requests, saying that he could refile them after the Commissioner makes the § 406(a) fee determinations. See id. We see no abuse of discretion by the District Court in its fashioning of these methods to comply with our precedent. See Watford, 765 F.2d at 1569 n.11. We therefore affirm the District Court in each case.

**AFFIRMED.**