[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13850
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-00971-MAP


DAWN BAKER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 10, 2018)

Before ED CARNES, Chief Judge, TJOFLAT, and NEWSOM, Circuit Judges.

PER CURIAM:

Dawn Baker appeals the district court's order affirming the Social Security Commissioner's final decision to deny her application for disability insurance benefits and supplemental security income. The Administrative Law Judge relied on vocational expert testimony to find that she was not disabled. Baker argues that the ALJ failed to resolve inconsistencies between that testimony and the Dictionary of Occupational Titles (DOT). We affirm because the ALJ had no duty to do that.

Baker applied for disability insurance benefits and supplemental security income in August 2012. She alleged a disability onset date of July 8, 2010, and claimed that she was disabled due to depression, anxiety, and a foot condition called sesamoiditis. She was 43 years old on the alleged onset date and 47 years old on the date of the administrative hearing.

At the hearing, the ALJ asked Baker about her foot condition. Baker said she could walk for 15 to 30 minutes and that "[s]itting [wa]s okay," but causes her feet to swell. The ALJ asked if she could work a "sit-down job where you could [get] up and down every 15 minutes." She replied, "that would be fine with me." The ALJ explained that her answer "leads to an unfavorable decision," so he asked again if she could work a full-time sit-down job where she could get up every 15 minutes. Baker replied that she "would have a problem" with that kind of job because "sitting down for a specific period of time" would make her feet swell.

2

After that testimony, the ALJ called the vocational expert.  A vocational expert is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments."  Phillips v. Barnhardt, 357 F.3d 1232, 1240 (11th Cir. 2004).  The ALJ asked the vocational expert to consider this hypothetical with an eye toward identifying jobs that Baker could perform despite her impairments:

> [P]lease assume a younger individual[1] with a college degree [who is] precluded from performing all but sedentary work with a sit-stand option every 15 minutes with no hazards or climbing, unskilled, defined as routine and repetitive tasks, entry level, one to two step processes.  With those limitations can you describe two jobs consistent with the DOT?

The vocational expert replied:

> Yes, your honor.  By way of example, employment such as a document preparer under DOT number 249.587-018, sedentary level exertionally and unskilled, and the [Specific Vocational Preparation] is 2.  And statewide, sir, [there are] approximately 2,200 such positions, while nationally [there are] approximately 44,000 such positions.  And another example . . . would be that of a call-out operator under DOT number 237.367-014, sedentary level exertionally and unskilled, and that [Specific Vocational Preparation] is 2.  And statewide . . . [there are] approximately 600, while nationally [there are] approximately 8,000 such positions.

The ALJ relied on that testimony to conclude that Baker was not disabled because she "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  Baker filed an administrative

---

[1] A "younger individual" for purposes of the Social Security Act is anyone under 50 years old.  20 C.F.R. 4.1563 ("If you are a younger person (under age 50), we generally do not consider that your age will seriously affect your ability to adjust to other work.").

appeal and the Appeals Council denied review, which made the ALJ's decision "the final decision of the Commissioner." Miles v. Chater, 84 F.3d 1397, 1399 (11th Cir. 1996). She then sought review in the district court and argued that the ALJ failed to verify that the vocational expert's testimony was consistent with the DOT. The district court ruled that the ALJ had no duty to verify that testimony because vocational expert testimony "trumps" the DOT. Baker appealed.

Our review is limited to whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). We give "great deference" to the ALJ's factfindings, Hunter v. Comm'r of Soc. Sec., 808 F.3d 818, 822 (11th Cir. 2015), but not to its application of law, Miles, 84 F.3d at 1400.

The Social Security Act sets out a five-step test to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. Each step is dispositive. Id. We need only consider the fifth step, which states that a claimant is not disabled if in light of her age, education, work experience, and residual functional capacity, she can do other work, and that kind of work exists in significant numbers in the national economy. Id. § 404.1566. An ALJ can make that determination by posing hypothetical questions to a vocational expert. See Winschel, 631 F.3d at 1180.

Baker contends that the ALJ erred in relying on the vocational expert's testimony. She argues that the testimony was inconsistent with the DOT and that a

Social Security Ruling required the ALJ to resolve that inconsistency.  Assuming without deciding that the vocational expert's testimony and the DOT were inconsistent, Baker's contention fails because we have held that "the VE's testimony 'trumps' the DOT'" whenever the two conflict.  Jones v. Apfel, 190 F.3d 1224, 1229–30 (11th Cir. 1999).[2]

Baker also contends that the ALJ's decision was erroneous because "the residual functional capacity findings in the decision are slightly different than the hypothetical given to the vocational expert."  The ALJ found that Baker could perform "only entry level, unskilled work in a low-stress environment, defined as routine and repetitive tasks with 1–2 step processes," while the hypothetical to the vocational expert did not contain the words "low-stress environment."  Baker argues that the vocational expert's testimony might have been different if the hypothetical included those words.

That contention fails because the findings and the hypothetical are functionally identical.  The ALJ used the term "low-stress" in its findings to signify "routine and repetitive tasks with 1–2 step processes," and the hypothetical

---

[2] Baker asserts that a Social Security Administration ruling titled SSR 00-4p "superseded" our Jones decision.  That ruling cannot have superseded Jones because it lacks the "force and effect of the law."  Heckler v. Edwards, 465 U.S. 870, 874 n.3, 104 S. Ct. 1532, 1535 n.3 (1984).  Undeterred, Baker invites us to "publish a written decision finding that [SSR 00-4p] is entitled to great respect and deference."  We cannot accept that invitation because we are bound to apply the rule from Jones unless it is overruled by the Supreme Court or by this Court sitting en banc.  See Wood v. Comm'r of Soc. Sec., 861 F.3d 1197, 1206 (11th Cir. 2017).

included that language almost verbatim.  The omission of the words "low-stress environment" could not have altered the vocational expert's testimony.

**AFFIRMED.**

6