(Slip Opinion) OCTOBER TERM, 2018 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## CULBERTSON *v.* BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 17–773.　Argued November 7, 2018—Decided January 8, 2019

The Social Security Act regulates the fees that attorneys may charge claimants seeking Title II benefits for representation both before the Social Security Administration and in federal court. For representation in administrative proceedings, the Act provides two ways to determine fees. If a fee agreement exists, fees are capped at the lesser of 25% of past-due benefits or a set dollar amount—currently $6,000. 42 U. S. C. §406(a)(2)(A). Absent an agreement, the agency may set any "reasonable" fee. §406(a)(1). In either case, the agency is required to withhold up to 25% of past-due benefits for direct payment of any fee. §406(a)(4). For representation in court proceedings, fees are capped at 25% of past-due benefits, and the agency has authority to withhold such benefits to pay these fees. §406(b)(1)(A).

Petitioner Culbertson represented Katrina Wood in Social Security disability benefit proceedings before the agency and in District Court. The agency ultimately awarded Wood past-due benefits, withheld 25% of those benefits to pay any attorney's fees, and awarded Culbertson fees under §406(a) for representation before the agency. Culbertson then moved for a separate fee award under §406(b) for the court proceedings, requesting a full 25% of past-due benefits. The District Court granted the request, but only in part, because Culbertson did not subtract the amount he had already received under §406(a) for his agency-level representation. The Eleventh Circuit affirmed, holding that the 25% limit under §406(b) applies to the total fees awarded under both §§406(a) and (b).

*Held*: Section 406(b)(1)(A)'s 25% cap applies only to fees for court representation and not to the aggregate fees awarded under §§406(a) and (b). Pp. 5–9.

Syllabus

(a) Section 406(b) provides that a court rendering a favorable judgment to a claimant "represented before the court by an attorney" may award "a reasonable fee for such representation, not in excess of 25 percent" of past-due benefits. Here, the adjective "such," which means "[o]f the kind or degree already described or implied," refers to the only form of representation "already described" in §406(b)—*i.e.*, "represent[ation] before the court." Thus, the 25% cap applies only to fees for representation before the court, not the agency.

Subsections (a) and (b) address different stages of the representation and use different methods for calculating fees. Given this statutory structure, applying §406(b)'s 25% cap on court-stage fees to §406(a) agency-stage fees, or the aggregate of §§406(a) and (b) fees, would make little sense. For example, such a reading would subject §406(a)(1)'s reasonableness limitation to §406(b)'s 25% cap—a limitation not included in the relevant provision of the statute. Had Congress wanted agency-stage fees to be capped at 25%, it presumably would have said so directly in subsection (a). Pp. 5–7.

(b) The fact that the agency presently withholds a single pool of 25% of past-due benefits for direct payment of agency and court fees does not support an aggregate reading. The statutory text provides for two pools of money for direct payment of fees. See §§406(a)(4), (b)(1)(A). The agency's choice to withhold only one pool of 25% of past-due benefits does not alter this text. More fundamentally, the amount of past-due benefits that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court. Pp. 7–9.

861 F. 3d 1197, reversed and remanded.

THOMAS, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 17–773

_____

## RICHARD ALLEN CULBERTSON, PETITIONER *v.* NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[January 8, 2019]

JUSTICE THOMAS delivered the opinion of the Court.

Federal law regulates the fees that attorneys may charge Social Security claimants for representation before the Social Security Administration and a reviewing court. See 42 U. S. C. §§406(a)–(b). The question in this case is whether the statutory scheme limits the aggregate amount of fees for both stages of representation to 25% of the claimant's past-due benefits. Because §406(b) by its terms imposes a 25% cap on fees only for representation before a court, and §406(a) has separate caps on fees for representation before the agency, we hold that the statute does not impose a 25% cap on aggregate fees.

## I
## A

Title II of the Social Security Act, 49 Stat. 622, as amended, 42 U. S. C. §401 *et seq.*, "is an insurance program" that "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Bowen* v. *Galbreath*, 485 U. S. 74, 75 (1988). A claimant's application for Title II benefits can result in

payments of past-due benefits—*i.e.*, benefits that accrued
before a favorable decision, 20 CFR §404.1703 (2018)—as
well as ongoing monthly benefits, see 42 U. S. C. §423(a).
A claimant who has been denied benefits "in whole or in
part" by the Social Security Administration may seek
administrative review of the initial agency determination,
§405(b), and may then seek judicial review of the resulting
final agency decision, §405(g).

As presently written, the Social Security Act "discretely"
addresses attorney's fees for the administrative and
judicial-review stages: "§406(a) governs fees for representa-
tion in administrative proceedings; §406(b) controls fees for
representation in court." *Gisbrecht* v. *Barnhart*, 535 U. S.
789, 794 (2002). The original Social Security Act made no
such provision for attorney's fees in either proceeding. *Id.,*
at 793, n. 2. But in 1939, "Congress amended the Act to
permit the Social Security Board to prescribe maximum
fees attorneys could charge for representation of claimants
before the agency." *Ibid.* In 1965, Congress added a new
subsection (b) to §406 that explicitly prescribed fees for
representation before a court and "allow[ed] withholding
of past-due benefits to pay" these fees directly to the at-
torney. Social Security Amendments of 1965, §332, 79
Stat. 403; *Bowen*, 485 U. S., at 76. In 1968, Congress
amended subsection (a) to give the agency similar with-
holding authority to pay attorney's fees incurred in admin-
istrative proceedings. *Id.*, at 76.

Section 406(a) is titled "Recognition of representatives;
fees for representation before Commissioner" of Social
Security. It includes two ways to determine fees for repre-
sentation before the agency, depending on whether a prior
fee agreement exists. If the claimant has a fee agreement,
subsection (a)(2) caps fees at the lesser of 25% of past-due
benefits or a set dollar amount—currently $6,000.
§406(a)(2)(A); Maximum Dollar Limit in the Fee Agree-
ment Process, 74 Fed. Reg. 6080 (2009). Absent a fee

agreement, subsection (a)(1) gives the agency authority to "prescribe the maximum fees which may be charged for services performed in connection with any claim" before the agency. If the claimant obtains a favorable agency determination, the agency may allot "a reasonable fee to compensate such attorney for the services performed by him."

Subsection (a)(4) requires the agency to withhold up to 25% of past-due benefits for direct payment of any fee for representation before the agency:

"[I]f the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner of Social Security shall . . . certify for payment out of such past-due benefits . . . to such attorney an amount equal to so much of the maximum fee as does not exceed 25 percent of such past-due benefits . . . ."

Section 406(b) is titled "Fees for representation before court." Subsection (b)(1)(A) both limits these fees to no more than 25% of past-due benefits and allows the agency to withhold past-due benefits to pay these fees:

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."

At issue is whether §406(b)'s 25% cap limits the aggre-

gate fees awarded for representation before both the agency under §406(a) and the court under §406(b), or instead limits only the fee awarded for court representation under §406(b).

## B

Petitioner Richard Culbertson represented claimant Katrina Wood in proceedings seeking Social Security disability benefits. After the agency denied Wood benefits, she brought an action in district court. For the court action, Wood signed a contingency-fee agreement "to pay a fee of 25 percent of the total of the past-due benefits to which [she] is entitled" in consideration for Culbertson's "representation of [her] in Federal Court." App. 8–9. The agreement excludes fees for "any representation before" the agency. *Id.,* at 9.

The District Court reversed the agency's denial of benefits and remanded for further proceedings. The court granted Wood attorney's fees under the Equal Access to Justice Act (EAJA), which authorizes an award against the Government for reasonable fees in "civil action[s]." 28 U. S. C. §§2412(d)(1)(A) and (2)(A).

On remand, the agency awarded Wood past-due disability benefits and withheld 25% of those benefits to pay any attorney's fees that might ultimately be awarded. The agency also awarded Culbertson §406(a) fees for representing Wood before the agency.

Culbertson then moved the District Court for a separate fee award under §406(b) for representing Wood there. After accounting for the EAJA award, see *Gisbrecht, supra,* at 796; App. 9, this request amounted to a full 25% of past-due benefits. The court granted Culbertson's request only in part because he did not subtract the amount he had already received under §406(a) for his agency-level representation. The Eleventh Circuit affirmed, relying on Circuit precedent to hold that "the 25% limit from §406(b)

applies to total fees awarded under both §406(a) and (b), 'preclud[ing] the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant.'" *Wood* v. *Commissioner of Social Security*, 861 F. 3d 1197, 1205 (2017) (quoting *Dawson* v. *Finch*, 425 F. 2d 1192, 1195 (CA5 1970); emphasis deleted).*

Given a conflict between the Circuits on this question, see 861 F. 3d, at 1205–1206, we granted certiorari. 584 U. S. \_\_\_ (2018). Because no party defends the judgment, we appointed Amy Weil to brief and argue this case as *amicus curiae* in support of the judgment below. 584 U. S. \_\_\_ (2018). *Amicus* Weil has ably discharged her assigned responsibilities.

## II

### A

We "begi[n] with the language of the statute itself, and that is also where the inquiry should end, for the statute's language is plain." *Puerto Rico* v. *Franklin Cal. Tax-Free Trust*, 579 U. S. \_\_\_, \_\_\_ (2016) (slip op., at 9) (internal quotation marks omitted). Under §406(b), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for *such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U. S. C. §406(b)(1)(A) (emphasis added). Both at the time of enactment and today, the adjective "such" means "[o]f the kind or degree already described or implied." H. Fowler & F. Fowler, Concise Oxford Dictionary of Current English 1289 (5th ed. 1964); Black's Law Dictionary 1661 (10th ed. 2014) ("[t]hat or those; having just

——————

* See *Bonner* v. *Prichard*, 661 F. 2d 1206, 1209 (CA11 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

been mentioned"). Here, the only form of representation "already described" in §406(b) is "represent[ation] before the court by an attorney." Accordingly, the 25% cap applies only to fees for representation before the court, not the agency.

This interpretation is supported by "the structure of the statute and its other provisions." *Maracich* v. *Spears*, 570 U. S. 48, 60 (2013). As an initial matter, subsections (a) and (b) address different stages of the representation. Section 406(a) addresses fees for representation "before the Commissioner," whereas §406(b) addresses fees for representation in court. Because some claimants will prevail before the agency and have no need to bring a court action, it is unsurprising that the statute contemplates separate fees for each stage of representation.

These subsections also calculate fees differently. Section 406(b) applies a flat 25% cap on fees for court representation. By contrast, §406(a) provides two ways to determine fees for agency proceedings. Subsection (a)(2) caps fees based on a fee agreement at the lesser of 25% of past-due benefits or $6,000. *Supra,* at 2. If there is no fee agreement, the agency may set any fee, including a fee greater than 25% of past-due benefits, so long as the fee is "reasonable." §406(a)(1).

Given this statutory structure, applying §406(b)'s 25% cap on court-stage fees to §406(a) agency-stage fees, or the aggregate of §§406(a) and (b) fees, would make little sense. Many claimants will never litigate in court, yet under the aggregate reading, agency fees would be capped at 25% based on a provision related exclusively to representation in court. Absent a fee agreement, §406(a)(1) subjects agency fees only to a reasonableness limitation, so applying §406(b)'s cap to such fees would add a limitation that Congress did not include in the relevant provision of the statute. If Congress had wanted these fees to be capped at 25%, it presumably would have said so directly in subsec-

tion (a), instead of providing for a "reasonable fee" in that
subsection and adding a 25% cap in §406(b) without even
referencing subsection (a). Thus, the structure of the
statute confirms that §406(b) caps only court representa-
tion fees.

## B

*Amicus* Amy Weil agrees that "§406(a) and §406(b)
provide separate avenues for an award of attorney's fees
for representation of a Social Security claimant," but
emphasizes that "these fees are certified for payment out
of a single source: the 25% of past-due benefits withheld
by the Commissioner." Brief for Court-Appointed *Amicus
Curiae* 10. According to *Amicus*, "[b]ecause the Commis-
sioner withholds only one pool of 25% of past-due benefits
from which to pay attorney's fees for both agency and
court representation, for an attorney to collect a fee that
exceeds the 25% pool of withheld disability benefits," the
attorney may "need to file a lawsuit against his disabled
client" to collect the difference. *Id.,* at 23–24. Therefore,
*Amicus* urges, "[w]hen the statute is read as a whole," "it
is evident that Congress placed a cumulative 25% cap on
attorney's fees payable for successful representation of a
Social Security claimant before both the agency and the
court." *Id.,* at 10.

*Amicus* is quite right that presently the agency with-
holds a single pool of 25% of past-due benefits for direct
payment of agency and court fees. See Social Security
Administration, Program Operations Manual System
(POMS), GN 03920.035(A), online at https://policy.ssa.gov/
poms.nsf/lnx/0203920035 (as last visited Jan. 2, 2019); see
also 20 CFR §§404.1730(a) and (b)(1)(i). And *Amicus*
sensibly argues that if there is only a single 25% pool for
direct payment of fees, Congress might not have intended
aggregate fees higher than 25%. This argument is plausi-
ble, but the statutory text in fact provides for two pools of

money for direct payment of fees. Any shortage of with-held benefits for direct payment of fees is thus due to agency policy.

Under §406(a)(4), the agency "shall" certify for direct payment of agency representation fees "an amount equal to so much of the maximum fee as does not exceed 25 percent of" past-due benefits. In other words, this subsection requires that the agency withhold the approved fees for work performed in agency proceedings, up to 25% of the amount of the claimant's past-due benefits. But this is not the only subsection that enables the agency to with-hold past-due benefits for direct payment of fees. Section 406(b)(1)(A) provides that the agency "may" certify past-due benefits for direct payment of court representation fees. As the Government explains, the agency has never-theless "exercised its discretion . . . to withhold a total of 25% of past-due benefits for direct payment of the ap-proved agency *and* court fees." Reply Brief for Respondent 8 (emphasis added). The agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency repre-sentation in §406(a) and court representation in §406(b), contains separate caps on fees for each type of representa-tion, and authorizes two pools of withheld benefits.

More fundamentally, the amount of past-due benefits that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for repre-sentation before the agency or the court. The attorney might receive a direct payment out of past-due benefits, but that payment could be less than the fees to which the attorney is entitled. Indeed, prior to 1968, the statute allowed fees for agency representation but lacked a provi-sion for direct payment of such fees from past-due bene-fits. See *supra,* at 2. And under the current §§406(a)(1) and (4), the agency can award a "reasonable fee" that exceeds the 25% of past-due benefits it can withhold for

direct payment.

In short, despite the force of *Amicus'* arguments, the statute does not bear her reading. Any concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment.

\*　\*　\*

Because the 25% cap in §406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§406(a) and (b), the judgment of the United States Court of Appeals for the Eleventh Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*