2 
3 
4 
5 
6 
7 
8 UNITED STATES DISTRICT COURT 
9 SOUTHERN DISTRICT OF CALIFORNIA 
10 
11 LUZETTE B.,1 Case No.: 23cv483-MSB 

12 Plaintiff, 
 ORDER GRANTING MOTION FOR 
13 v. ATTORNEY FEES PURSUANT TO 28 
 U.S.C. § 406(b) [ECF NO. 16] 
14 MICHELLE KING, Acting Commissioner of 
 Social Security,2 
15 
 Defendant. 
16 
17 
18 On December 6, 2024, Plaintiff Luzette B. (“Plaintiff”)’s attorney, Young Cho, of 
19 the Law Offices of Lawrence D. Rohlfing, Inc., CPC, filed a “Motion for Attorney Fees 
20 Pursuant to 42 U.S.C. § 406(b),” requesting attorney fees in the amount of $14,000, with 
21 a $1,900 credit to Plaintiff for the Equal Access to Justice Act (“EAJA”) fees previously 
22 
23 

24 
25 
 1 Under Civil Local Rule 7.1(e)(6)(b), “[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 
 405(g)] will refer to any non-government parties by using only their first name and last initial.” 
26 2 Michelle King is the Acting Commissioner of Social Security. See Social Security Commissioners, 
 https://www.ssa.gov/history/commissioners.html. Accordingly, King is substituted as the Defendant in 
27 this lawsuit. See Fed. R. Civ. P. 25(d) (“An action does not abate when a public officer who is a party in 
2 GRANTS the Motion. 
3 I. Background 
4 On March 16, 2023, Plaintiff initiated this action against Defendant Commissioner 
5 of Social Security (“Defendant”), seeking judicial review of the denial of her application 
6 for disability insurance benefits under 42 U.S.C. § 405(g). (ECF No. 1.) On May 15, 2023, 
7 Defendant filed the Administrative Record. (ECF Nos. 9 & 10.) On June 8, 2023, the 
8 parties jointly moved to remand the action to the Social Security Administration (“SSA”) 
9 for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 12). 
10 On the same day, the Court granted the joint motion and remanded the action to the 
11 SSA. (ECF No. 13.) On July 6, 2023, the parties filed a “Joint Motion for the Award and 
12 Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 
13 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920.” (ECF No. 14.) The next day, 
14 the Court granted the Joint Motion, ordering attorney fees in the amount of $1,900.00 
15 under the EAJA, 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. (ECF No. 15.) 
16 On December 6, 2024, Plaintiff’s counsel filed the instant Motion seeking $14,000 
17 in attorney fees under 42 U.S.C. § 406(b). (ECF No. 16.) In support, Plaintiff’s counsel 
18 explains Plaintiff prevailed on remand and the SSA awarded her $68,239.68 in past-due 
19 Title II benefits. (ECF No. 16-1 at 4–5, 10, 15.) Plaintiff’s counsel argues that a $14,000 
20 award against an SSA withholding of $17,059.92 is reasonable given “the nature of the 
21 representation and results achieved, and testing that reasonableness with the time 
22 expended, consideration of hourly rates, market treatment of contingency, and the 
23 relative dearth of qualified attorneys for court review of agency determinations.” (Id. at 
24 4; see also ECF No. 16-4 at 4.) Plaintiff’s counsel further seeks an order to reimburse 
25 Plaintiff in the amount of $1,900 for EAJA fees previously awarded by the Court. (ECF 
26 No. 16 at 1–2.) Counsel served a copy of the Motion on Plaintiff informing her of her 

27 right to file a response. (Id. at 2; ECF No. 16-1 at 18.) Additionally, the Court issued a 
2 December 20, 2024, Defendant responded that it “neither supports nor opposes 
3 Counsel’s request for attorney’s fees under 42 U.S.C. § 406(b),” but requests the Court 
4 direct Plaintiff’s counsel to reimburse any fees previously received under the EAJA. (ECF 
5 No. 20 at 2–3.) On December 26, 2024, Plaintiff’s counsel filed a Reply, contending the 
6 effective hourly rate in this case should be $1,573.03 ($14,000 ÷ 8.9 total hours), rather 
7 than the $1,891.89 hourly rate ($14,000 ÷ 7.4 attorney hours) posited by Defendant. 
8 (ECF No. 21 at 3–4.) 
9 II. LEGAL STANDARD 
10 Pursuant to Section 406(b) of the Social Security Act, a court that has rendered a 
11 judgment in favor of a Social Security disability insurance (“SSDI”) claimant who was 
12 represented by an attorney may award attorney fees in a “reasonable” amount, not to 
13 exceed twenty-five percent3 of the total past-due benefits awarded to the claimant. 42 
14 U.S.C. § 406(b)(1)(A); Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009). District 
15 courts have an independent duty to ensure that a § 406(b) contingency fee is 
16 “reasonable.” Id. at 1149; see also Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The 
17 United States Supreme Court has explained: 
18 [Section] 406(b) does not displace contingent-fee agreements as the 
 primary means by which fees are set for successfully representing Social 
19 
 Security benefits claimants in court. Rather, § 406(b) calls for court review 
20 of such arrangements as an independent check, to assure that they yield 
 reasonable results in particular cases. Congress has provided one 
21 
 boundary line: Agreements are unenforceable to the extent that they 
22 provide for fees exceeding 25 percent of the past-due benefits. Within the 
 25 percent boundary . . . the attorney for the successful claimant must 
23 
 show that the fee sought is reasonable for the services rendered. 
24 

25 
26 3 The Court notes that the twenty-five percent cap set forth in § 406(b)(1)(A) applies only to fees for 
 representation before federal court and not to aggregate fees awarded for representation before both 
27 the court and the SSA. Culbertson v. Berryhill, 586 U.S. 53, 54 (2019); see also Ricardo A. v. Saul, Case 
2 evaluating the reasonableness of a fee request under § 406(b), the court should 
3 consider the character of the representation and the results achieved. Id. at 808; see 
4 also Crawford, 586 F.3d at 1151. 
5 After starting with the contingent-fee agreement, the court should consider 
6 reductions based on the following factors: (1) whether counsel’s performance was 
7 substandard; (2) whether counsel engaged in dilatory conduct; and (3) whether the 
8 requested fees were excessively large in relation to the benefits achieved, i.e., whether 
9 the attorney enjoyed a “windfall.” Crawford, 586 F.3d at 1150–52. With respect to the 
10 last factor, the Ninth Circuit has noted that counsel in Social Security cases assume 
11 significant risk in accepting these cases, including the risks that no benefits will be 
12 awarded or that there will be a long court or administrative delay to resolve the case. 
13 Id. at 1152. Attorney fees are paid by the claimant out of the past-due benefits 
14 awarded; the losing party is not responsible for payment. Gisbrecht, 535 U.S. at 802; 
15 Crawford, 586 F.3d at 1147. Attorneys are permitted to seek recovery under both the 
16 EAJA and § 406(b) and to keep the larger fee, but they must refund the smaller fee to 
17 the claimant. Gisbrecht, 535 U.S. at 796; Parrish v. Comm’r Soc. Sec. Admin., 698 F.3d 
18 1215, 1218 (9th Cir. 2012). 
19 III. DISCUSSION 
20 The contingency fee agreement between Plaintiff and her counsel, the Law 
21 Offices of Lawrence D. Rohlfing, Inc., CPC, provides that Plaintiff’s counsel is to be paid a 
22 maximum of twenty-five percent of Plaintiff’s past-due benefits upon a successful 
23 federal appeal. (ECF No. 16-2.) On remand, the Commissioner awarded Plaintiff 
24 $68,239.68 in past-due benefits and withheld twenty-five percent, or $17,059.92, to pay 
25 her representative. (EFC No. 16-1 at 4; ECF No. 16-4 at 4.) Plaintiff’s counsel seeks 
26 attorney fees of $14,000, representing 20.5 percent of past-due benefits awarded to 

27 Plaintiff. (ECF No. 16-1 at 5.) This award is within the twenty-five percent statutory 
2 586 F.3d at 1151. 
3 Applying the first two Crawford factors, the Court finds no reduction of fees due 
4 to substandard performance or undue delay is warranted. Crawford, 586 F.3d at 1151. 
5 Plaintiff’s counsel “reviewed the fact intensive administrative record[] and presented 
6 cogent arguments during settlement discussions, which led to a stipulated remand with 
7 this Court’s approval.” (ECF No. 16-1 at 5.) This ultimately resulted in a timely, 
8 favorable decision on remand, including an award of past-due and future benefits. (ECF 
9 No. 16-1 at 4; ECF No. 16-4 at 1–2.) Further, Plaintiff’s counsel attached a detailed 
10 billing statement, which indicates counsel expeditiously reviewed the case, conducted 
11 legal research, and stipulated to remand—all within one month of the filing of the 
12 Administrative Record. (ECF No. 16-5 at 1.) Thus, there is no evidence of substandard 
13 performance or dilatory conduct. 
14 As to the third factor, the Court finds the requested fees are not excessively large 
15 in relation to the benefits achieved. Crawford, 586 F.3d at 1151–1152. Plaintiff’s 
16 counsel expended 7.4 hours on this case at $1,141.00 per hour, along with paralegal 
17 time of 1.5 hours at $258.00 per hour. (ECF No. 16-1 at 12; ECF No. 16-5.) In total, the 
18 law firm expended 8.9 hours for an effective hourly rate of $1,573.03.4 (ECF No. 16-1 at 
19 4; ECF No. 16-5 at 1.) This rate is on the higher end, however other cases within this 
20 district have found similar awards to be appropriate. See, e.g., Roland S. v. Kijakazi, No. 
21 20-cv-01068-AHG, 2023 WL 6966153, at *3 (S.D. Cal. Oct. 20, 2023) (finding an effective 
22 hourly rate of $1,438.35 reasonable); Watkins v. O’Malley, No. 21-cv-101-BLM, 2024 WL 
23 270244, at *2 (S.D. Cal. May 24, 2024) (finding an effective hourly rate of $1,566 
24 reasonable); Reddick v. Berryhill, No. 16-cv-29-BTM-BLM, 2019 WL 2330895, at *2 (S.D. 
25 Cal. May 30, 2019) (finding, on reconsideration, an effective hourly rate of $1,990.74 
26 

27 
2 the twenty-five percent statutory cap ($17,059.92), and Plaintiff filed no objection. (ECF 
3 No. 16-1 at 10; ECF No. 18.) In short, there is nothing in the record to suggest Plaintiff’s 
4 counsel delayed this litigation to amass more in potential fees, or otherwise offered 
5 substandard performance. Crawford, 586 F.3d at 1151–52. 
6 In further support of its finding, the Court acknowledges that Plaintiff’s counsel 
7 assumed a substantial risk of non-payment by agreeing to be paid on a contingency 
8 basis. (ECF No. 16-1 at 10.) Courts recognize that “a reasonableness determination on a 
9 simple hourly rate basis is inappropriate when an attorney is working pursuant to a 
10 reasonable contingency contract for which there runs a substantial risk of loss.” 
11 Ayersman v. Berryhill, No. 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 
12 2021) (internal quotation marks and citations omitted); see also Moreno v. Berryhill, No. 
13 CV 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) (“Counsel assumed 
14 the risk of nonpayment inherent in a contingency agreement, [and] the fee does not 
15 exceed . . . the 25 percent statutory cap.”). Following Gisbrecht, “district courts have 
16 been deferential to the terms of contingency contracts in Section 406(b) cases, 
17 recognizing that the resulting de facto hourly rates typically exceed those for non-
18 contingency fee arrangements.” Daniel v. Astrue, No. EDCV 04-01188-MAN, 2009 WL 
19 1941632, at *2 (C.D. Cal. July 2, 2009) (internal citations omitted). Here, Plaintiff’s 
20 counsel assumed a substantial risk of non-payment by agreeing to be paid on a 
21 contingency basis, and counsel’s work ultimately resulted in a highly favorable result for 
22 Plaintiff, who raises no opposition. (See generally Docket.) The Court therefore 
23 concludes that Plaintiff’s counsel’s request for attorney fees amounting to $14,000 is 
24 reasonable. See Gisbrecht, 535 U.S. at 807–09. 
25 Finally, while attorneys are permitted to seek fees under both the EAJA and § 
26 406(b), they must refund the smaller fee to the plaintiff. Gisbrecht, 535 U.S. at 796. 

27 Plaintiff’s counsel must therefore refund Plaintiff the $1,900 in fees previously awarded 
1 IV. CONCLUSION 
2 For the reasons set forth above, the Court GRANTS Plaintiff’s counsel’s Motion 
3 || [ECF No. 16] and awards the Law Offices of Lawrence D. Rohlfing, Inc., CPC attorney fees 
4 |lin the amount of $14,000. The Court further ORDERS the Law Offices of Lawrence D. 
5 || Rohlfing, Inc., CPC to reimburse Plaintiff in the amount of $1,900.00 for the EAJA fees 
6 || previously awarded by this Court. 
7 IT IS SO ORDERED. 
8 || Dated: February 3, 2025 _ = 
 _ 2 FF 
10 Honorable Michael S. Berg 
 United States Magistrate Judge 
11 
12 
13 
14 
15 
16 
17 
18 
19 
20 
21 
22 
23 
24 
25 
26 
27 
28