**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD BENNETT,

No.    22-35901

Plaintiff-Appellant,

D.C. No. 3:20-cv-05202-TLF

v.

MEMORANDUM[*]

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted March 11, 2026[**]

Before:  O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Richard Bennett appeals from the district court's order denying counsel's motion for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b).  We reverse and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bennett, represented by an attorney at the agency level and in the district court, prevailed in securing an award of social security disability benefits. The district court determined that the attorney-client contingency fee agreement was reasonable, and that monetary calculation for attorney's fees was also reasonable. The district court also determined that the Commissioner failed to withhold an adequate amount of funds to pay the attorney's fees and, consequently, the court concluded it did not have the authority to approve the requested award that it had found reasonable.

I.

The district court erred in concluding it lacked the authority to approve request for attorney's fees. *See Culbertson v. Berryhill*, 586 U.S. 53, 61-62 (2019) ("[T]he amount of past-due benefits that the agency can withhold for direct payment *does not delimit* the amount of fees that can be approved for representation before the agency or the court.") (emphasis added).  Although the district court understandably declined to order the Commissioner to pay funds that were not in the Commissioner's possession, the district court failed to address the attorney's proposed order, which did not request a direct payment of fees from the Commissioner, but did request an order approving the *amount* of fees.  Moreover, "[a]ny concerns about a shortage of withheld benefits for direct payment and the

2

consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment." *Id*. at 62.

## II.

The district court also erred in denying the motion for reconsideration because it failed to address the primary contention requesting an order awarding an amount of attorney's fees. Such an order is required for the attorney to proceed with an action for payment, either from the client or through agency procedures. *See Crawford v. Astrue*, 586 F.3d 1142, 1147 ("[T]he court-awarded fee is the only way a successful SSDI attorney may recover fees for work performed before the district court."); *see also Culbertson*, 583 U.S. at 62.

We remand for a determination of an award of attorney's fees in accordance with this disposition.

**REVERSED and REMANDED.**